278 So.2d 890 (1973)
Frederick J. WATKINS
v.
John R. SHEPPARD.
No. 9386.
Court of Appeal of Louisiana, First Circuit.
May 30, 1973.
*891 John R. Sheppard and Edward Fetzer, Baton Rouge, for appellant.
Warren J. Hebert, New Orleans, for appellee.
Before LOTTINGER, ELLIS and CRAIN, JJ.
CRAIN, Judge.
The matter before us involves a malpractice suit by Frederick J. Watkins, III, filed against John R. Sheppard, an attorney, for damages sustained from Sheppard's alleged negligence in the handling of a property damage suit.
The trial court decided the matter in favor of Watkins awarding damages in the amount of $481.24 less a $50.00 salvage which Watkins received for his totally demolished automobile. From this judgment, the defendant, Sheppard, has taken this appeal.
The property damage to the Watkins' vehicle was sustained in an automobile accident involving M. R. Netterville. The Watkins' vehicle was parked in his driveway where it was struck by the vehicle operated by Netterville. Watkins then retained Sheppard to prosecute his claim for property damage against Netterville.
The existence of an attorney-client relationship between Sheppard and Watkins is not an issue in the suit, nor is the probable success of Watkins' action for property damages for the negligence of Netterville. In addition, Sheppard has not made an issue of the quantum awarded in this matter. Sheppard instead contends that he was not negligent in the handling of the property damage claim of Watkins.
The facts produced at the trial reveal that the accident in question occurred on October 2, 1970 and that suit was filed by Sheppard on behalf of his client, on October 25, 1971. Since the action was not instituted within one year of the date of the accident, the suit was subsequently dismissed on an exception of prescription. The bulk of the testimony in the lower court involves the relationship between Sheppard and Watkins.
Watkins first consulted Sheppard regarding representing him in collecting the amount due for the damage to his automobile around ten days after the accident. Afterwards there was very little personal contact between Sheppard and Watkins. The only real contact was by telephone. Watkins testified that for a period of ten months, he either spoke with Sheppard or tried to get in touch with him by telephone every other week.
There is a conflict in the testimony regarding Watkins' representations to Sheppard as to the date of the accident. Sheppard *892 testified that he was repeatedly advised by Watkins that the accident occurred on October 23, while Watkins states that he merely advised Sheppard that the accident occurred sometime in October. The trial court weighed the conflicting evidence and held that Sheppard was aware of enough uncertainty regarding the date as to place him under a duty to ascertain with some certainty when the accident occurred. Sheppard contends that the trial court erred in finding a duty on his part to investigate to find the date of the accident. He contends that negligence of an attorney must be based on a deviation below the prevailing practice or standard of care of attorneys in the vicinity or community, and failure of Watkins to establish this standard by expert testimony is fatal to his case. We disagree.
The standard of care to be applied to an attorney in his relationship to his clients is the care, skill and diligence exercised by attorneys practicing in his community or locality. Ramp v. St. Paul Fire and Marine Insurance Company, 263 La. 774, 269 So.2d 239 (1972). Deviation of an attorney below this standard will result in his liability to his client upon proof of the requisite causation and damages.
Expert testimony is certainly admissible to establish the standard of care based on practices of attorneys in the community. In certain cases the opinions of experts may be essential to prove the standard of care an attorney must meet. In many cases, however, the trial court, which is of necessity familiar with the standards of practice in its community, is competent to make such a determination without the assistance of expert witnesses. There may also be cases in which the failure of the practitioner to use due care under any reasonable standard of conduct may be so obvious as to make expert testimony unnecessary. Ramp v. St. Paul, supra. We think this case falls into both of the latter two categories, and that the holding of the trial court, that defendant's failure to investigate constituted a violation of any reasonable standard of care, is correct, and that expert testimony on the point is not necessary.
Unquestionably the date of the accident is all important in this type case since prescription bars recovery unless suit is filed within a year from the date of the accident. Plaintiff's testimony is that the most he ever told the defendant about the date of the accident was that it occurred in October, and defendant was to ascertain the date from an accident report. Defendant asserts that the date of the accident worried him so he questioned his client about it at least forty times and was always told the accident occurred on October 23, 1970. The trial court concluded that under these circumstances with the defendant admitting his worry about the date coupled with plaintiff's testimony that he did not furnish defendant a date, there must have indeed been a question as to date which required defendant's investigation. We find no error in this conclusion. Certainly an attorney may rely on his client's representations as to date of a particular occurrence, but we find here that the testimony leads to the conclusion that the date was never transmitted to the defendant, or if a date was transmitted, the circumstances were such as to create a doubt in plaintiff's mind as to its accuracy which required further investigation.
In accordance with the above, we affirm the judgment of the trial court, all costs to be paid by appellant.
Affirmed.