320 So.2d 239 (1975)
QUICK FINANCE SERVICE, INC.
v.
Johnny L. YOUNGBLOOD.
No. 6951.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1975.
*240 Fred P. Westenberger, Edward F. Wegmann, New Orleans, for plaintiff-appellee, Marine Specialty Mill and Supply Co., Inc.
Robert F. Fleming, Jr., Alcide J. Weysham, in pro per, New Orleans, for defendant-appellant, Alcide J. Weysham.
Before LEMMON, GULOTTA and BEER, JJ.
GULOTTA, Judge.
This is an appeal from a judgment rendered against an attorney for reimbursement of the amount of a judgment awarded against the attorney's client because of the attorney's alleged neglect. This suit is brought by a judgment debtor's employer, Marine Specialty and Mill Supply Company, Inc., alleging that the attorney failed to timely answer garnishment interrogatories propounded to the employer, resulting in a judgment pro confesso being entered against the garnishee employer for the full amount owed by the defendant debtor.
Plaintiff bases its cause of action on LSA-R.S. 37:217 which reads as follows:
"If a nonsuit is entered, owing to the absence or neglect of the attorney without a reasonable excuse, the costs shall be paid by the attorney and he shall be liable to pay all the damages which his client suffers by being nonsuited or by any other neglect of the attorney, recoverable in a summary way, on motion after giving the accused notice."
Defendant contends that plaintiff's action has prescribed. The thrust of defendant's appeal is that a malpractice suit filed against an attorney sounds in tort. Accordingly, since more than one year has expired from July 25, 1969 (the date the judgment was rendered against Marine) until June 12, 1973 (the date the suit was filed by Marine against the attorney), plaintiff's action under LSA-R.S. 37:217 was not timely filed. Secondly, defendant contends he was not employed to represent the employer garnishee in the garnishment proceedings.
We are initially confronted with a procedural determination which makes it unnecessary to consider defendant's contentions on appeal relating to prescription and employment. Marine pursued summary process as provided for in LSA-R.S. 37:217 in asserting its demand against the attorney. However, our interpretation of the statute is that summary process is available only in the instance where a nonsuit has been entered.
A nonsuit is defined in the Code of Civil Procedure as follows:
"Art. 1671. Voluntary dismissal
"A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice."
*241 "Art. 1672. Involuntary dismissal
"A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice."
In the instant case a judgment was rendered against plaintiff. Marine's claim is not for damages resulting from a nonsuit dismissal because of defendant's negligence.
Our conclusion that LSA-R.S. 37:217 is restricted to a nonsuit situation is buttressed by our failure to find in our research any case where summary process was used to assert a claim based on legal malpractice.[1] Furthermore, in the cross reference under LSA-R.S. 37:217 referral is made to LSA-C.C.P. art. 1672. Official revision comment (e) of LSA-C.C.P. art. 1672 states:
"R.S. 37:217, which deals with the liability of an attorney when a nonsuit is entered owing to his neglect, is retained in the Revised Statutes." (Emphasis ours)
We reject plaintiff's contention that the phrase "or by any other neglect of the attorney," as found in LSA-R.S. 37:217, permits the use of summary process in instances other than when a nonsuit has been entered. All parts of a statute must be read together. Each provision must be considered in context with other provisions and should be construed in harmony with the whole. Fruge v. Muffoletto, 242 La. 569, 137 So.2d 336 (1962). LSA-R.S. 37:217 begins with the phrase "If a nonsuit is entered . . ." This suggests that a prerequisite to the use of summary process is a nonsuit dismissal.
Having found that LSA-R.S. 37:217 is limited to use when a nonsuit has been entered, we conclude plaintiff, in the instant case, cannot assert its demand against defendant by use of summary process. Plaintiff's suit must be pursued by ordinary process of petition and answer.
Accordingly, the judgment against defendant is vacated, annulled and set aside.
Vacated, annulled and set aside.
LEMMON, J., concurs and will assign reasons.
LEMMON, Judge (concurring).
This appeal followed a judgment on rule filed by a garnishee against the attorney who allegedly failed to answer garnishment interrogatories as he was employed to do. The attorney (defendant-in-rule) filed peremptory exceptions of prescription, no cause of action and no right of action. With the pleadings in this posture the trial court proceeded to try the rule and rendered judgment in favor of the garnishee for the amount paid to the garnishing creditor.
The garnishee's rule alleged malpractice by the attorney, which is a cause of action properly asserted in an ordinary proceeding. R.S. 37:217, which authorizes the use of summary proceedings by a client against his attorney under certain circumstances, is not applicable under the facts of this particular case, for the reasons stated in the majority opinion. Therefore, if the attorney had objected to the unauthorized use of summary proceeding by filing a dilitory exception (C.C.P. art. 926), he would have been entitled to judgment sustaining the exception (C.C.P. art. 933).
However, since the attorney entered upon the trial without excepting to the *242 summary proceeding, he waived any objection to the unauthorized use of such procedure. C.C.P. arts. 926 and 2593. See also comments (d) and (e) following C.C.P. art. 2593.[1] Accordingly, we should affirm the trial court's judgment if the evidence is sufficient to support that judgment.
An examination of the record shows that the case was submitted on briefs.[2] The brief filed by the garnishee stated that the record in the garnishment proceeding proved that the attorney had acted on behalf of the garnishee, and counsel for the garnishee argued solely the issue of prescription.
The brief filed on behalf of the attorney argued that he had represented the debtor-employee but had never at any time been employed by the garnishee to answer the interrogatories or to perform any other services.[3] (Although the brief recited events which may have reasonably led the garnishee to believe the attorney would answer the interrogatories, there was no evidence presented to establish the occurrence of these events.) The attorney's brief then discussed the issue of prescription.
Technically, the record does not contain evidence sufficient to support a judgment in favor of the garnishee (regardless of the issue or prescription). However, both parties were concerned principally with the prescription issue, and since the majority has directed that the case be remanded, I agree that substantial justice would be accomplished by allowing both parties an opportunity to present evidence on the issue of employment. I therefore concur in the remand.
NOTES
[1] See Giuffria v. St. Paul Fire and Marine Insurance Co., 293 So.2d 518 (La.App., 4th Cir. 1974); Cannon v. Baron, 289 So.2d 835 (La.App., 4th Cir. 1974); Watkins v. Sheppard, 278 So.2d 890 (La.App., 1st Cir. 1973).
[1] The attorney's complaints on appeal that he was deprived of the opportunity for discovery and of the right to a jury trial come too late since he waived the benefits of ordinary proceedings by going to trial on the rule without objecting to the summary procedure.
[2] The trial judge refers to a hearing in his reasons for judgment, but the record contains no testimony and the minute entry on the hearing date shows that the matter was submitted on memoranda.
[3] After the judgment pro confesso was rendered, the attorney did undertake to represent the garnishee in an unsuccessful suit to annual that judgment. See La.App., 243 So.2d 321. This fact, however, does not prove that the garnishee employed the attorney to answer the garnishment interrogatories originally.