DOMENGEAUX, Judge,
concurring.
In addition to the reasons cited by the majority, I am of the opinion that the issues presented by this appeal can be resolved by a proper application of LSA-C.C.P. Art. 73.
In his written reasons for judgment the trial judge stated as follows:
“Since Paul is a resident of LaSalle Parish and venue would be proper as to him under Code of Civil Procedure, Article 73, venue would be proper as to Hartford Accident & Indemnity Company if they are joint tort feasors. However, the second paragraph of Article 73 provides that in such instances venue is not proper if ‘. . . the joinder was made for the sole purpose of establishing venue as to the other defendants’.”
The trial judge found (prior to compromise of dismissal after trial), as a matter of fact, that plaintiff’s only purpose for naming Charles Guy Paul as a co-defendant was to obtain proper venue in LaSalle Parish as to Hartford. This factual finding notwithstanding, I feel that the trial judge erred in his construction of LSA-C.C.P. Article 73.
In his above quoted written reasons, the trial judge excluded the initial phrases of LSA-C.C.P. 73(2) which are crucial to an understanding of the statute and its operation.
Paragraph 2 of the article begins:
“If the action against this defendant is compromised prior to judgment, or dismissed after a trial on the merits, . .” (Emphasis added).
I am of the opinion that the above quoted phrase must be read in connection with the remainder of paragraph 2 and sets forth a requisite (compromise or dismissal after tri *1285 al) which must be met before an inquiry can be made into plaintiff’s motives for joining a particular co-defendant. Statutes must be read as a whole, and portions thereof should not be taken out of context. See Dore v. Tugwell, 228 La. 807, 84 So.2d 199 (La.1955); State v. Bones, 223 La. 839, 67 So.2d 99 (1953); Quick Finance Service, Inc. v. Youngblood, 320 So.2d 239 (La.App. 4th Cir. 1975).
An exception based upon improper venue is declinatory in nature (LSA-C.C.P. Article 925) and must be filed in limine litis (LSA-C.C.P. Article 928). At first glance, it may appear enigmatic to require a defendant to file an exception in limine litis and wait until after a compromise or trial to have its merits determined. However, venue under LSA-C.C.P. 73 is based upon the existence of a joint or solidary obligation between the resident and non-resident defendants. The determination of such a relationship often addresses itself to the very crux of the litigation, and it is undesirable that such a matter should be decided on the hearing of an exception. Thus, is essence, LSA-C.C.P. Article 73(2) requires that the exception of improper venue raised by the non-resident defendant (alleged joint or solidary obligor) be raised in limine but referred to the merits of the case.
Therefore, I feel that the trial judge should have considered Hartford’s exception to venue if and only after plaintiff’s case against the resident defendant, Charles Guy Paul, had been compromised or dismissed after trial on the merits.
Therefore, I find it unnecessary to rely upon the provisions of LSA-C.C.P. Art. 76 to support plaintiff’s contention of proper venue at this stage of the proceedings.
For the above and foregoing reasons, I respectfully concur.