401 So.2d 1243 (1981)
Carolyn Simoneaux VICCINELLI,
v.
Ronald L. CAUSEY.
No. 14144.
Court of Appeal of Louisiana, First Circuit.
June 29, 1981.
Rehearing Denied August 25, 1981.
Guy A. Modica, Baton Rouge, for plaintiff-appellee Carolyn Simoneaux Viccinelli.
Michael R. Wheeler, Baton Rouge, for defendant-appellee Lawrence Dale Simoneaux.
Ralph M. Kelton, Baton Rouge, for defendant-appellant, Ronald L. Causey.
Before ELLIS, COLE and WATKINS, JJ.
*1244 ELLIS, Judge:
On November 12, 1969, a judgment of separation was signed between plaintiff Carolyn Gremillion Simoneaux (now Viccinelli) and Lawrence Dale Simoneaux, dissolving the community which formerly existed between them. On July 13, 1970, a deficiency judgment was rendered against Mr. Simoneaux and in favor of Commercial Securities Company, Inc., for $2,495.41, plus interest and attorney's fees.
On January 21, 1971, Mr. and Mrs. Simoneaux entered into a community property settlement, by virtue of which Mrs. Simoneaux received the community home, and assumed payment of the first mortgage thereon. Mr. Simoneaux assumed all other community debts.
Throughout the separation and divorce proceedings, Mrs. Simoneaux was represented by Ronald L. Causey. Mr. Causey testified that he was aware of the judgment against Mr. Simoneaux at the time of the settlement, and that he told Mrs. Simoneaux about it. He did not say that he explained that the recordation of the judgment created a judicial mortgage on her property. Mrs. Simoneaux testified that she did not know about the judgment or its effect, and would not have executed the settlement had she known.
In 1977, Mrs. Simoneaux testified that she learned of the judgment for the first time when she sold her home and was forced to pay $4,452.47 to satisfy it and remove the inscription thereof.
This suit was filed to recover that amount from both Mr. Simoneaux and Mr. Causey. After trial on the merits, judgment was rendered in favor of plaintiff and against Mr. Simoneaux as prayed for, and the suit was dismissed as to Mr. Causey. A new trial was granted and the judgment was amended to render Mr. Causey solidarily liable with Mr. Simoneaux. From that judgment, Mr. Causey has appealed.
In the original petition, it was alleged that Mr. Causey was liable because, as notary on the community settlement, he failed to obtain and attach the mortgage certificate required by Article 3364 of the Civil Code. The trial judge was of the opinion that Article 3364 applied only to sales, mortgages and donations of immovables, and not to community property settlements. However, during the trial of the case, it appeared, from testimony admitted without objection, that Mr. Causey acted as attorney for Mrs. Simoneaux throughout the separation and divorce proceedings, and that he was aware that there was a judgment against Mr. Simoneaux which would attach to the property received by Mrs. Simoneaux in the settlement.
After the original judgment was rendered, plaintiff moved to amend the pleadings to conform to the evidence, raised for the first time the question of Mr. Causey's liability as an attorney, and asked for a new trial. As pointed out above, the new trial was granted, the trial judge having found that the pleadings had been enlarged by the testimony relative to Mr. Causey's representation of Mrs. Simoneaux, and that the question of his liability as an attorney was before the court. At the hearing on the new trial, the court found that Mr. Causey was liable because he had not exhibited the degree of skill and diligence required of an attorney in his representation of Mrs. Simoneaux.
In this court, Mr. Causey argues that the court erred in finding that the pleadings had been enlarged and that he did not exercise the skill and diligence required of an attorney.
Defendant Causey contends that the evidence relative to his activities as plaintiff's attorney was admissible under the allegations of the original petition, and that the pleadings were not enlarged thereby. We cannot agree. The only basis alleged in the original petition for Mr. Causey's liability was his failure, as a notary public, to attach the certificates required by Article 3364 of the Civil Code. The evidence of his activities as attorney has nothing to do with his ministerial duties as a notary. If objected to, that evidence could have been excluded as irrelevant. Its admission into evidence without objection therefore resulted in an *1245 enlargement of the pleadings, and introduced the issue of Mr. Causey's liability for his activities as an attorney. Article 1154, Code of Civil Procedure; Wexler v. Martin, 367 So.2d 111 (La.App. 4th Cir. 1979).
Mr. Causey further contends that the evidence introduced in the case is not sufficient to render him liable for malpractice. The standard of practice which an attorney must exercise is set forth in Ramp v. St. Paul Fire and Marine Insurance Company, 263 La. 774, 269 So.2d 239 (1972), as follows:
"An attorney is obligated to exercise at least that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in his locality. He is not required to exercise perfect judgment in every instance. However, the attorney's license to practice and his contract for employment hold out to the client that he possesses certain minimal skills, knowledge, and abilities. The fact that an attorney's judgment in confecting contracts, handling suits, and doing other business may result in litigation is not, in and of itself a breach of a duty to the client. Risk of future litigation is often a necessary element or result of legal advice and legal representation. The very fact of litigation is a result of the disparity of professional judgment of those in the legal profession. However, lawyers are obligated to scrutinize any contract which they advise their clients to execute, and are required to disclose the full import of the instrument and the possible consequences that may arise upon execution of it."
In Muse v. St. Paul Fire and Marine Insurance Company, 328 So.2d 698 (La.App. 1st Cir. 1976), this court said:
"In any given instance, the standard of care owed by an attorney to his client may be established by expert testimony or recognized by the trial court, which is familiar with the standards of practice in its locality, without the assistance of expert testimony. Watkins v. Sheppard, La.App., 278 So.2d 890. There may even be instances wherein a practitioner's conduct is such as to constitute failure to use due care under any reasonable standard, thereby making the use of expert testimony unnecessary to establish a criteria of care. Watkins v. Sheppard, above."
We are satisfied from the record that Mr. Causey failed to explain to Mrs. Simoneaux either the significance of the judgment against Mr. Simoneaux, or how it would affect the title to the property which she was receiving. We are further satisfied that Mrs. Simoneaux would not have entered into the community settlement had she been aware that the judgment constituted a judicial mortgage on the property which she was to receive.
Even though there is no expert testimony in the record as to the standard of practice in East Baton Rouge Parish, we agree with the trial judge that Mr. Causey's representation of plaintiff fell below any reasonable standard of care, diligence and skill, and that he is guilty of professional malpractice as defined in the Ramp case, supra.
The judgment appealed from is therefore affirmed, at defendant's cost.
AFFIRMED.
COLE, Judge, concurring:
Defendant, Ronald L. Causey, admitted under cross-examination he was aware of the judgment effecting a judicial mortgage against the property being conveyed to his client. His source of knowledge was twofold, discussions with the judgment debtor and the publication of legal news. While he contends he discussed the judgment with his client, who emphatically denied any knowledge of it, Causey noticeably never conveyed to her knowledge elementary to even the most unskilled counsel, i. e., a money judgment creates a judicial mortgage against the judgment debtor's immovable property. This failure to fulfill his duty and responsibility as an attorney, whether the result of negligence or by design, cost his client $4,452.47 and is the very essence of malpractice. See, Muse v. St. Paul Fire and Marine Insurance Company, 328 So.2d 698 (La.App. 1st Cir. 1976).