BARRY, Judge,
concurring with the result.
The trial judge erred by requiring evidence of the “standa’ 4 of conduct that an attorney must comp';; with.”
My colleague’s concurrence correctly notes that “Louisiana allows the court to take judicial notice of the defendant’s negligence, regardless of expert testimony, when there is ‘obvious negligence’. Ramp v. St. Paul Fire & Marine Ins. Co., 269 So.2d 239 (La.1972). However, contrary to Ramp, that concurrence incorrectly concludes that “The law and factual circumstances at the time of trial required the plaintiff to present expert legal testimony to establish the standard of care....”
Ramp has withstood the test of time and has been extended. See Watkins v. Sheppard, 278 So.2d 890 (La.App. 1st Cir.1973); Muse v. St. Paul Fire & Marine Ins. Co., 328 So.2d 698 (La.App. 1st Cir.1976).
The majority errs by ignoring Ramp and agreeing with the trial court that evidence of the standard of conduct is required. A trial judge does not need an expert(s) to explain what constitutes legal malpractice.