PLOTKIN, Judge,
concurring with reasons.
I respectfully concur.
This is a legal malpractice action brought by a former client against her former attorneys, charging them with negligence in the prior litigation. The important issue is whether the plaintiff should have presented expert testimony of the legal standard of care in order to meet her burden of proof, or whether asking the the trial court to take judicial notice of the standard of care was sufficient.
In her former lawsuit, Mrs. Houillon’s $28 thousand judgment was reversed by this court in 1979 because she failed to present expert testimony to prove negligence on the part of the defendant hospital or its agent, Nurse Talluto, as a matter of law. Her lawyers unsuccessfully attempt *684 ed to establish nursing and hospital negligence by cross-examining the defendant’s nurse witnesses and requesting the court to take judicial notice “that persons, even hospital patients, do not walk about while carrying an enema.” Based on that reversal, she instituted this claim against her former attorneys for their failure to meet the burden of proof in her negligence claim against the nurse and hospital.
In the legal malpractice trial, the plaintiff did not offer any expert testimony as to the standard of care for attorneys, but requested that the court take judicial notice of the legal standards of care from published opinions. The trial court refused.
Trial lawyers are required to make critical judgments before and during trial. Their trial tactics and strategy are influenced by a variety of factors. Choosing a course of action, as a tactic, may produce a successful verdict at trial, but an unsuccessful result on appeal. These errors of judgment, which manifest themselves on appeal, should not generally trigger litigator liability for failing to exercise reasonable care.
In every malpractice case, the issue is whether the defendant exercised due care. It is axiomatic that expert testimony may be introduced to define the proper standard of care against which to measure the defendant’s actions under the circumstances. The expert may also express an opinion on the ultimate issue in the case — whether the defendant deviated from the proper standard of care. However, this is only one method of establishing negligence.
Louisiana also permits a second method of proof. It allows the court to take judicial notice of the defendant’s negligence, regardless of expert testimony, when there is “obvious negligence.” Ramp v. St. Paul Fire & Marine Ins. Co., 269 So.2d 239 (La.1972). In Watkins v. Sheppard, 278 So.2d 890 (La.App. 1st Cir.1973), the court held that no expert testimony was necessary to prove that the defendant failed to competently undertake his duty to investigate the date of the accident when he negligently allowed the claim to prescribe. Subsequently, Watkins, supra, was extended in Muse v. St. Paul Fire & Marine Ins. Co., 328 So.2d 698 (La.App. 1st Cir.1976), which held that an appellate court may find negligence under any reasonable standards of care dictated by the circumstances of the case.
These cases create legal uncertainty, ambiguity and confusion for both trial lawyers and judges because they do not articulate clear standards. Judgments which simply state that proof of “obvious negligence” requires no expert testimony do not delineate guidelines for lawyers or litigants. Therefore, a rule must be fashioned that describes the circumstances that will excuse expert testimony in legal malpractice cases.[1]
I propose the following rule: generally, in all legal malpractice cases involving fault, expert testimony should be required to establish the standard of care owed by the defendant and the breach of the duty. I would suggest the following two exceptions to that rule: expert testimony should not be required (1) where the negligence is clearly obvious, apparent and explicit and the case involves a matter not requiring special legal knowledge, skill or experience because the subject is within the realm of ordinary experience of mankind and (2) where settled domestic law is involved.
Cases that involve the attorney’s choice of trial tactics, strategy or reasonable discretion are complex questions of legal skill and experience, which require evaluation and analysis by legal experts in order to determine the standard of care and possible deviations therefrom. For example, the experts must consider, among other things, the legal issues, the actual and potential witnesses, the type of trial judge, the quality of the evidence and the ability of the adversary. The determination of facts and circumstances, as they relate to judgments made by trial lawyers, are not matters of common knowledge for laymen or judges. Additionally, judges are not always sufficiently informed to determine the standard *685 of care and the deviation therefrom. Legal competence in the choice of trial tactics and strategy can only be determined with guidance and assistance from individuals with similar types of professional trial experience.
In the case sub judice, plaintiff requests that the trial and appellate courts take judicial notice of legal malpractice jurisprudence as evidence to establish the standard of care. This we decline to do. The law and factual circumstances at the time of trial required the plaintiff to present expert legal testimony to establish the standard of care and skill exercised by the defendants and to determine whether they deviated below that standard in failing to produce independent expert nursing testimony. The trial court was correct in dismissing plaintiffs lawsuit.

. This concurrence does not consider the vital unanswered question of which issues in a legal malpractice case should the court decide and which issues should the jury decide.