DUFRESNE, Judge.
This is a legal malpractice lawsuit arising out of an accident which occurred outside the State of Louisiana. Plaintiff, Barbara Kirsch, (a Louisiana citizen) alleges that while on vacation in the Great Smokey Mountain National Park she was caused to trip and fall on a roadway within the boundaries of either the State of North Carolina or the State of Tennessee. The accident allegedly occurred on November 12, 1984.
Following the accident Barbara Kirsch and her husband retained the services of a Louisiana law firm to represent them against the parties responsible for Mrs. *923 Kirsch’s personal injuries. The Kirsches employed the defendant, Gary Bizal of the law firm of Levy & Bizal of Jefferson Parish, Louisiana. Gary Bizal filed a claim under the Federal Tort Claims Act (FTCA) against the United States Government alleging Mrs. Kirsch’s accident occurred on federal lands located in the State of North Carolina.
Obviously, since any potential claim that the defendant attorneys (Levy & Bizal) could have asserted on behalf of the Kirsches could only be made against the custodian of the roadway, the actual (precise) location of the accident site was of extreme significance. It is also important to note that North Carolina has a 3 year statute of limitations for tort suits; FTCA has a 2 year limitation period; and Tennessee has a one year statute.
Defendants, Levy & Bizal allege that the Kirsches unequivocably advised them that the accident occurred in the Great Smokey Mountain National Park. Relying upon this representation, Bizal filed an FTCA claim against the appropriate federal agency within the applicable 2 year limitation period.
Later, Bizal was informed by the federal government that Mrs. Kirsch’s accident did not occur on federal land and dismissed her claim. At that point Levy and Bizal withdrew as counsel for the Kirsches on August 7, 1986.
Shortly thereafter, the Kirsches filed a legal malpractice suit against Levy & Bizal and their malpractice insurer New England Insurance Company, alleging that the defendant-attorneys failed to timely institute the appropriate litigation against the proper defendants, the lack of which allowed the prescriptive period to run against the custodial State (that is, the State of Tennessee).
The defendant attorneys argued that at the time of the termination of the attorney-client relationship (August 7, 1986), more than a year remained before the 3rd anniversary of the accident. After which the Kirsches’ claim for damages would prescribe pursuant to North Carolina law.
In response to the Kirsches’ lawsuit, the defendants filed a Motion for Summary Judgment based upon Mrs. Kirsch’s sworn answers to defendants’ interrogatories clearly admitting that the accident in issue occurred in the State of North Carolina (which has a 3 year tort statute of limitations).
The Kirsches opposed the Motion for Summary Judgment and relied upon their Amended Answers to Interrogatories, in which, for the first time, the Kirsches admit an error in the exact location of the accident. The Kirsches allege that the accident occurred in Tennessee, which has only a one year tort prescriptive period.
In further support of their opposition, the Kirsches submitted an affidavit of Ms. Donna Cody, a North Carolina attorney, who according to her affidavit, allegedly examined four photographs.
These photographs were not attached to the affidavit; they were not identified; nor were they made part of the record. Ms. Cody stated that after having looked at these photographs, she could determine that they depicted a site in Tennessee.
Defendants timely objected to the incompetent, hearsay nature of the affidavit.
After hearing the Motion for Summary Judgment, the trial court granted the motion, dismissing the Kirsches’ law suit.
From this decision the Kirsches have sought our review. We affirm.
The issue presented to us which is decisive to this appeal is whether the trial court appropriately granted a Summary Judgment, in other words, did the defendants satisfy the necessary standards for granting a summary judgment.
The jurisprudence is clear that the burden of establishing that there is no genuine issue of material fact in dispute is upon the mover for summary judgment, and any doubts must be resolved against him. Even if the evidence preponderates in favor of the mover, the respondent is entitled to his day in court.
It is clear from the record that Mrs. Kirsch’s verified answers to interrogatories declared that the accident occurred in *924 North Carolina, which has a 3 year tort statute of limitations.
Mrs. Kirsch admitted that she informed defendants that the accident occurred within the National Park; further, when she learned that the accident did not occur within the National Park, she believed it occurred in the State of North Carolina. It is also clear in our State's jurisprudence that an attorney may rely upon his client’s statement as to the location of the client’s accident. Watkins v. Sheppard, 278 So.2d 890 (La.App. 1st Cir.1973).
We agree that if an attorney may rely upon his client’s representation as to the date of an accident, as Watkins established, he may certainly rely on his client to inform him where the accident occurred.
The material facts entitling defendants to summary judgment are simple, straightforward and legally undisputed: according to verified answers to interrogatories, Mrs. Kirsch’s accident occurred in North Carolina on November 12, 1984. Since any lawsuit against the State of North Carolina (as custodian of the highways) would have to have been filed in that jurisdiction, North Carolina’s three year statute of limitations controls. Thus we hold that the Kirsches claim for damages had not prescribed until November 12,1987, some time after the termination of the attorney-client relationship between the Kirsches and Levy & Bizal.
The Kirsches concede that Levy & Bizal legal representation ceased not later than August 6, 1986, sixteen months before their claims prescribed. Because the Kirsches’ claims clearly did not prescribe while they were represented by Levy & Bizal, the trial court’s dismissal of this legal malpractice action was legally appropriate and justified.
The Kirsches have not established through competent, admissable evidence showing that there is a genuine issue for trial. Schoemann v. Turnwood Development Corp., 421 So.2d 353 (La.App. 1st Cir.1982).
For these reasons we agree with the reasons of the trial court, and accordingly affirm its judgment.
AFFIRMED.
BOWES, J., dissents with written reasons.