807 So.2d 950 (2002)
Josephine COSTELLO
v.
Ashton R. HARDY, et al.
No. 01-CA-583.
Court of Appeal of Louisiana, Fifth Circuit.
January 15, 2002.
Barnes & Root, L.L.C., Richard L. Root, Betsy J. Barnes, New Orleans, LA, Attorney for Appellant Josephine Costello.
Hailey, McNamara, Hall, Larmann & Papale, L.L.P., Richard T. Simmons, Alayne R. Corcoran, Metairie, LA, Attorneys for Appellees Ashton R. Hardy and Hardy and Carey, L.L.P.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and SUSAN M. CHEHARDY.
JAMES L. CANNELLA, Judge.
Plaintiff, Josephine Costello, appeals from a summary judgment granted in favor of Defendants, Ashton Hardy (Hardy), and his law firm, Hardy and Carey, L.L.P. (Hardy & Carey) dismissing them from Plaintiff's main demand for negligence and attorney malpractice. For the reasons which follow, we dismiss the appeal because the judgment was a partial summary judgment that is not final and appealable.
This case arises over a will dispute following the death of Plaintiff's son, Joseph Costello (Costello). Costello died testate on April 23, 1997, leaving the vast majority of his estate to Loyola University (Loyola). Costello's will also granted Plaintiff the usufruct of his home for the remainder of her life. Hardy prepared the will for Costello. Following Costello's death, Plaintiff filed this action against Defendants and Bradford D. Carey[1], alleging that Hardy *951 negligently failed to properly draft the will to reflect Costello's desire to provide Plaintiff with $25,000 per year living expenses.
In a related matter, Plaintiff also filed an action in Orleans Civil District Court against Costello's estate and Loyola. In Re Succession of Costello, 97-07390. That matter was settled, with the terms of the settlement being placed on the record on June 17,1998.
Defendants first responded to this suit with an exception of no cause of action, arguing that there was no attorney/client relationship between her and Defendants. The trial court granted the exception and dismissed Plaintiff's claims with prejudice. On appeal, this Court reversed that ruling and ordered the case remanded for further proceedings consistent with the opinion. Costello v. Hardy, 98-1320 (La.App. 5th Cir.4/27/99), Not Designated for Publication. In reversing the trial court, this Court noted that Plaintiff alleged in her petition that Costello had informed Hardy of his desire to provide Plaintiff with $25,000 per year for the remainder of her life, but the provision was not included in the will. This Court further noted that the allegations in the petition were supported by two letters, attached to the petition, evidencing Hardy's knowledge of Costello's desire to provide Plaintiff with the $25,000 per year bequest. Thus this Court concluded that Plaintiff, as a third party beneficiary, stated a cause of action in negligence in her petition against Defendants.
On remand, Defendants filed an answer and Hardy & Carey filed a reconventional demand against Plaintiff, requesting damages for defamation. Subsequently, on October 5, 2000, Defendants filed for a partial summary judgment, arguing as they did in the exception of no cause of action, that Plaintiff could not sustain her claim because there was no attorney/client relationship between her and Defendants. Defendants also argued that Plaintiff had admitted the validity of the will in the related matter filed in Orleans Civil District Court and therefore, she was precluded from asserting her claim herein. Finally, Defendants argued that because Plaintiff settled her claim with Loyola for the $25,000 a year amount, she could not prove that she had sustained any damages.
Plaintiff opposed the partial summary judgment, pointing out that Defendants' first argument was repetitive and had already been considered and ruled on by the appellate court and that the law of the case was that she had a cause of action in negligence against Defendants as a third party beneficiary, even though she had no attorney/client relationship with Hardy personally. Plaintiff pointed out, in response to Defendants' second argument, that in settling her claim against Loyola, she expressly stated that the settlement only applied to that case and she expressly reserved her rights against Defendants. Finally, as to Defendants' third argument, Plaintiff pointed out that, although she has now settled her case against Loyola and would commence receiving the $25,000 a year, retroactive to the date of her son's death on April 23, 1997, decreasing her damages considerably, other damage issues remain. There remains a claim for interest for the past four years, mental anguish over the legal disputes of the last four years and attorney fees.
The trial court ruled in favor of Defendants and granted the partial summary judgment on the main demand. It is from this ruling that Plaintiff appeals.
As she argued in the trial court, Plaintiff contends that there are genuine issues of material fact that preclude summary judgment, particularly on the issue of the degree of damages which she has sustained, *952 as well as whether Defendants were negligent in the handling of Costello's legal affairs, such that they bear responsibility for any damages which she has sustained.
While we find Plaintiff's arguments about summary proceedings persuasive, and do not voice an opinion about the merits, we are constrained to conclude that we do not have appellate jurisdiction over this case.
Hardy & Carey filed a reconventional demand in response to Plaintiff's action. As such, it represents a separate cause of action in tort. There is no indication that the issues raised by the reconventional demand were joined or considered by the trial court. Because the merits of the claim made on the reconventional demand have not been heard by the trial court, it still remains a viable action.
La. C.C.P. article 1915, on final appealable judgments, provides in pertinent part:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The judgment herein is a partial summary judgment which decides only the main demand. It has not been "designated as a final judgment by the court after an express determination that there is no just reason for delay"[2] as required by statute for purposes of immediate appeal in accordance with the above code article. As such, it may be revised at any time prior to rendition of the final judgment which adjudicates all the claims, rights and liabilities of all the parties. Thus, since the reconventional demand is still pending in the trial court, involving the same parties and similar facts and issues, we are without jurisdiction to consider the appeal of the partial summary judgment and we must therefore dismiss the matter for lack of jurisdiction.
Accordingly, the appeal is dismissed and the case is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed to Plaintiff.
APPEAL DISMISSED.
NOTES
[1] Bradford D. Carey was dismissed from this litigation and that judgment is not part of this appeal.
[2] We note that the judgment has the word "Final" provided in the title line of the judgment, but no other designation by the trial court that the judgment is final and no express determination that there is no just reasons for delay. This is not adequate to satisfy the requirements of La. C.C.P. art. 1915(B). Banks v. State Farm Ins. Co., 30,868 (La.App. 2nd Cir.1998), 708 So.2d 523.