844 So.2d 212 (2003)
Josephine COSTELLO
v.
Ashton R. HARDY, Bradford D. Carey, Hardy and Carey, L.L.P., and XYZ Insurance Company.
No. 02-CA-1156.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 2003.
Writ Granted June 27, 2003.
*214 Richard L. Root, Betsy J. Barnes, Barnes & Root, New Orleans, LA, for plaintiff-appellant.
Richard T. Simmons, Alayne R. Corcoran, Hailey, McNamara, Hall, Larmann & Papale, Metairie, LA, for defendants-appellees, Ashton R. Hardy and Hardy & Carey, L.L.P.
Henry L. Klein, James H. Daigle, Jr., Klein, Daigle, New Orleans, LA, for defendant-appellee, Ashton R. Hardy.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
Prior report: 807 So.2d 950.
CLARENCE E. McMANUS, Judge.
Ashton R. Hardy and his law firm, Hardy & Carey, LLP, prepared a last will and testament for Joseph Costello. The will was executed and signed on March 5, 1997. Mr. Costello died on April 23, 1997. The will was probated and provided that Mr. Costello's estate would go to the Mary Joseph Residence for the Elderly, Loyola University and the Greater New Orleans Foundation. According to the will, Josephine Costello, the deceased's mother, was to have a usufruct over Mr. Costello's home for the remainder of her life.
After the will was probated, Josephine Costello and her two other sons, Martin & Donald, filed a Petition to Annul the Will in Orleans Parish Civil District Court. The petition to annul alleged that the will was invalid because Mr. Costello was of unsound mind and body, acting under duress, fraud or mistake, or lacked testamentary capacity when he signed the will. They also alleged that the bequests in the will were to charitable and religious organizations which were affiliated with clergymen who were with Mr. Costello during his illness and they allegedly exercised undue influence. The Costello's ultimately settled their claim and dismissed the claims while acknowledging the validity of the will and unconditionally attested to the validity of all legacies outlined in the will. The settlement provided that Josephine Costello would receive a $25,000 annual stipend from the estate of her son.
Josephine Costello also filed this legal malpractice action in the 24th Judicial District Court naming Ashton R. Hardy, Bradford D. Carery and Hardy & Carey, LLP as defendants. She alleged that her son wanted her to be taken care of after his death and therefore, Mr. Hardy should have included a $25,000 annual stipend to her in the will. She claims this $25,000 is necessary for the maintenance of her son's home, which she has the usufruct over for the remainder of her life. Defendants then filed a reconventional demand against Mrs. Costello alleging defamation and abuse of process resulting from the frivolous legal malpractice action.
All defendants filed motions for partial summary judgment regarding the malpractice claims. The trial court granted these motions for partial summary judgment finding no genuine issue of material fact and noted that according to the settlement *215 in the Orleans Parish case, the Costello's had consented that the will was valid.
Thereafter, a bench trial was held on the reconventional demand. Mrs. Costello's deposition testimony was offered as evidence. Mrs. Costello also presented the testimony of her son, Martin. Mrs. Costello's deposition testimony established that her goal was to annul the will and when she realized that was not likely to happen, the legal malpractice claim was filed against Hardy & Carey, LLP. The trial court found that this clearly demonstrated defamation. The trial court further found "no evidence whatsoever to support the allegation that Mr. Costello wanted anything different than what he got when he executed his will on March 5, 1997." The trial judge also stated "I find motivation on behalf of Ms. Josephine Costello to be abusive, to be reckless and as implemented to be frivolous." As a result of the trial court's findings, Hardy was awarded $10,000 for defamation. The trial court found that there was no evidence to support any loss of business or business reputation and the insurance escalation claim was too speculative to warrant damages. Hardy was also awarded $50,000 for mental anguish and personal suffering. And finally, the trial court found that Hardy had not satisfied his burden of proof in establishing his abuse of process claim.
Mrs. Costello now appeals both the granting of the partial summary judgments and the awards to Hardy on the reconventional demand. For the reasons that follow, we affirm the granting of the partial summary judgments in favor of Hardy and Hardy & Carey, LLP. We also affirm the trial court's awards in favor of Hardy for defamation and mental anguish.
Summary Judgment
Mrs. Costello must prove three essential elements in order to maintain her legal malpractice claim against Hardy and Hardy & Carey, LLP: 1) the existence of an attorney-client relationship, 2) negligent misrepresentation by the attorney, and 3) damages caused by the alleged negligence. Silverstein v. Juarez, 98-1322 (La.App. 5th Cir.6/1/99) 740 So.2d 702.
First, Mrs. Costello did not have an attorney-client relationship with Hardy or his law firm. The law firm of Hardy & Carey was retained by Joseph Costello for preparation of his will and other business. Joseph Costello was the client. Mrs. Costello was simply listed as a legatee in the will. Therefore, no attorney-client relationship existed.
Second, Mrs. Costello failed to present any evidence that Hardy, or his law firm, negligently misrepresented the client, Joseph Costello. Mr. Costello requested that the will be prepared and signed on March 5, 1997. He was of sound mind on that date. The will signifies his wishes, as evidenced by his signature on the document. Hardy completed the will just as his client had asked. Mrs. Costello has not presented any evidence to show that the will did not express the wishes of Joseph Costello. Additionally, she acknowledged the validity of the will in the Orleans Parish case. Therefore, she has failed to prove that Hardy negligently misrepresented his client, Joseph Costello.
Third, Mrs. Costello did not sustain damages as a result of the alleged malpractice, or Hardy's drafting of the will. According to Mr. Costello's will, his intention was to leave his mother the use of his home for the remainder of her life. That wish was accomplished. Mrs. Costello may not have been pleased with her son's last wishes, however, she suffered no damages as a result of Hardy's preparation of the will. Additionally, the settlement reached in her case in Orleans Parish provided that she receive an annual stipend of *216 $25,000. Therefore, she is receiving that amount she complained that Hardy had left out of the will. Essentially, she has no further damages to claim.
In accordance with the above, we agree with the trial court that there are no genuine issues of material fact and summary judgment is appropriate. Therefore, we affirm the trial court's granting of summary judgment in favor of Hardy and Hardy & Carey, LLP.
Reconventional Demand
For the following reasons, we agree with the trial court's ruling in favor of Hardy and affirm the damage awards.
Hardy's reconventional demand against Mrs. Costello included a cause of action for defamation. The elements of a cause of action for defamation are: (1) defamatory words; (2) publication; (3) falsity; (4) malice; and (5) resulting injury. "Defamatory communication" is one that tends to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. Bujol v. Ward, 00-1393 (La.App. 5th Cir.1/30/01), 778 So.2d 1175. Defamation occurs through either libel or slander. Libel is defamation which is "expressed by print, writing, pictures, or signs". Slander is communicated by "oral expressions or transitory gestures." BLACK'S LAW DICTIONARY 1388 (6th ed.1990). A cause of action for libel is intended to redress injuries flowing from harm to one's reputation and, to be actionable, defamatory words must be "of and concerning" the plaintiff and must indirectly or directly cause a personal reflection on the plaintiff. Gugliuzza v. K.C.M.C., Inc., 92-0796 (La.10/19/92), 606 So.2d 790.
According to her own testimony, Mrs. Costello's main goal was to annul the will of her son. She and other family members were not pleased with Joseph Costello's wishes for the disbursement of his substantial estate. Only when her attempt to annul the will failed did she claim Hardy had committed legal malpractice. Hardy prepared the will according to the wishes and desires of his client, Joseph Costello. To have done otherwise would have been malpractice. The malpractice claim brought by Mrs. Costello was frivolous and had no merit. She was accusing Hardy of deliberately disobeying the wishes of his client by leaving a legacy to her out of the will. Mrs. Costello filed the suit, which constitutes a publication. The suit contained defamatory words that were for the purpose of harming Hardy's reputation as an attorney. According to the trial court findings, the claims made were false and Mrs. Costello knew this, however, she had other motives. Finally, Hardy suffered personal injuries as a result of the defamation. Therefore, the trial court correctly found in favor of Hardy on his defamation claim and correctly found that he had suffered mental anguish and personal suffering. We find the trial court's award of $10,000 for the defamation claim and $50,000 for mental anguish and personal suffering to be reasonable.
We also agree that Hardy did not satisfy his burden of proof in his abuse of process claim. The essential elements of an abuse of process claim are an ulterior purpose and a willful act in the use of process not proper in regular conduct of proceeding. Abuse involves misuse of process already legally issued whereby a party attempts to obtain some result not proper under law. Simon v. Perret, 92-1092 (La.App. 3rd Cir.6/2/93), 619 So.2d 155. Mrs. Costello did not commit any willful acts during the process of the legal malpractice claim that were not proper in a regular legal malpractice claim. Further, Mrs. Costello was not attempting to *217 obtain a result that is not proper under law. Therefore, we find that Mrs. Costello did not abuse the process and Hardy is not entitled to damages for abuse of process.
In accordance with the above, we affirm the trial court's granting of summary judgment in favor of Hardy and Hardy & Carey, LLP. We also affirm the trial court's finding in favor of Hardy on the reconventional demand and affirm the damages awarded.
AFFIRMED.