892 So.2d 83 (2004)
Roy BURAS d/b/a Roy Buras Painting Contractors
v.
Stephen D. MARX and Chehardy, Sherman, Ellis, Breslin & Murray Attorneys and Counselors at Law, L.L.P. a/k/a Chehardy, Sherman, Ellis, Breslin & Murray, L.L.P. a/k/a Chehardy, Sherman, Ellis, Breslin & Murray.
No. 04-CA-802.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 2004.
Robert H. Matthews, New Orleans, LA, for Plaintiff/Appellant.
John E. Galloway, J. Michael Daly, Jr., New Orleans, LA, for Defendant/Appellee.
*84 Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
In this legal malpractice case, the trial court rendered judgment in favor of defendant, and plaintiff now appeals. For the reasons stated herein, we affirm.

Facts and Procedural History
Roy Buras d/b/a Roy Buras Painting Contractors filed the present suit for damages against Stephen D. Marx and his law firm, Chehardy, Sherman, Ellis, Breslin & Murray. Plaintiff alleged that defendant was liable for legal malpractice by failing to file suit timely on his behalf, causing plaintiff's claims to be perempted. Following a bench trial, the trial court found that plaintiff had failed to meet his burden of proof in the legal malpractice claim, and plaintiff's petition against Marx and the law firm was dismissed with prejudice. By this appeal, plaintiff contends that the trial court erred in finding that plaintiff failed to prove the existence of an attorney-client relationship and in dismissing plaintiff's claim for Marx's alleged failure to advise him of prescription dates.
The record before us contains the following factual information: Roy Buras was the owner and operator of a commercial painting business. In 1993, Buras entered into several subcontracts with B.F. Carvin Construction Company, Inc. ("Carvin") for painting services to be performed on three construction projects. Following the conclusion of the work, Buras claimed that Carvin did not pay him the amount agreed upon in the contract, and in accordance with the contract between the parties, he instituted arbitration proceedings against Carvin. Buras retained attorney Stephen J. Caire to represent him in the arbitration proceeding.
Carvin subsequently filed a counterclaim against Buras in the arbitration proceeding which was scheduled for hearing on July 23, 1996. Buras' attorney, Stephen Caire, failed to appear at the arbitration hearing, and the arbitrator entered an award in favor of Carvin and against Buras, rendering judgment in favor of Carvin on the counterclaim in the amount of approximately $40,000.00. This award was subsequently affirmed by the district court in March of 1997, and the arbitration ruling became executory. Buras terminated the legal services of Stephen Caire in May of 1997.
At approximately the same time, Buras contacted Melissa Gibbs, an associate with the law firm of Chehardy, Sherman, Ellis, Breslin & Murray seeking legal representation. The matter was referred to a partner in the firm, Stephen D. Marx. On July 24, 1998, Stephen Marx filed a claim for legal malpractice on behalf of Roy Buras against Stephen Caire. The petition alleged that in October of 1997, Buras discovered that Caire failed to advise him of an offer to settle made during the arbitration proceedings made by counsel for Carvin, which Buras alleges he would have accepted. Buras further alleged in this petition that because of Carvin's failure to appear at the arbitration hearing, Buras became a judgment debtor to Carvin in an amount exceeding $40,000.00.
Caire answered the petition filed by Buras and asserted that Buras' claims of legal malpractice were perempted.[1] On *85 May 11, 1999, after learning that his claims against Caire may be perempted, Roy Buras filed the instant suit for legal malpractice against Stephen Marx and his law firm alleging that Marx had breached his duty of care by failing to timely file suit against Stephen Caire.

Discussion
The issue presented by this appeal is whether the trial court manifestly erred in finding that plaintiff failed to meet his burden of proving the elements of legal malpractice against Marx.
Plaintiff must prove three essential elements in order to maintain his legal malpractice claim against defendants: 1) the existence of an attorney-client relationship, 2) negligent misrepresentation by the attorney, and 3) damages caused by the alleged negligence. Irl R. Silverstein, PLC v. Juarez, 98-1322 (La.App. 5th Cir.6/1/99), 740 So.2d 702, 706, writ denied, 99-2235 (La.11/5/99), 750 So.2d 190; Costello v. Hardy, 02-1156 (La.App. 5 Cir. 3/25/03), 844 So.2d 212, 215. In its reasons for judgment, the trial court found that plaintiff failed to prove the first essential element  the existence of an attorney-client relationship. The trial court relied on testimony presented at trial by Stephen Marx and his associate Melissa Gibbs that Buras was informed at the initial meeting between the parties that the firm would not file a legal malpractice claim against Caire for his failure to attend the arbitration hearing.
The trial court specifically stated in its reasons for judgment:
However, the Court finds that Marx and Gibbs made it clear that they would not pursue any such malpractice claims on Buras' behalf. Marx testified that he assumed Buras would not be able to afford his hourly rate to pursue the malpractice claim  a reasonable assumption since Buras was already unable to pay the adverse Arbitration Award. In addition, Marx was not interested in pursuing the malpractice claim because Buras' maximum recovery (if successful) was relatively small compared to the amount of work involved with pouring through the underlying complicated construction disputes which resulted in the Arbitration Award.
The Court finds that when the parties left the initial meeting, they all believed Mark and Gibbs would attempt to work out the Arbitration Award with Carvin, but would not sue Caire for legal malpractice.
Although the trial court further stated it was troubled with the fact that Marx did not advise Buras in writing of his refusal to take the malpractice case or of the prescription dates of such a claim, the trial court found that Buras failed to introduce evidence that this constituted a breach in the standard of care. The trial court also specifically noted that the malpractice claim had been carved out from the scope of his representation.
On appeal, plaintiff contends that expert testimony was not required to prove the negligence of an attorney in failing to advise plaintiff of his refusal to take a case or of the looming prescription and/or preemption dates of his claims. Plaintiff also contends that the trial court's findings on lack of attorney/client relationship are manifestly erroneous.
The trial court in this case made a specific factual finding that Marx did not agree to undertake representation of Buras on a legal malpractice claim for failure to appear at an arbitration hearing, and it was therefore unnecessary for the trial *86 court to reach the issue of whether the representation was negligent. Our review of the record supports the trial court's factual findings.
Plaintiff Roy Buras testified at trial that he brought a legal malpractice action against Stephen Marx for failing to timely file suit against his former attorney, Stephen Caire, for failing to appear at an arbitration hearing. He stated that after an initial meeting with Stephen Marx and Melissa Gibbs, he believed Marx was going to help him with the legal malpractice claim against Caire. He stated Marx agreed to handle the case on a contingency fee arrangement, although he admitted there was no contract executed.
Stephen Marx testified at trial regarding his initial meeting with Roy Buras and recalled that Buras was most concerned with the execution of the arbitration judgment that had been rendered against him. He also stated that he and Buras discussed Caire's failure to appear at the arbitration, but that he told Buras that he was not going to handle that case and that Buras accepted that fact. Marx further testified that he agreed to meet with Carvin's attorney and attempt to negotiate a payment plan to avoid execution of the judgment and seizure of Buras' assets. Marx stated he was successful in this effort. Marx testified that during his meeting with Carvin's attorney, he and Buras learned that Carvin had offered to settle the arbitration matter prior to judgment and that Buras had not responded. Marx stated that after learning that Buras had not received an offer of settlement, he agreed to file a suit against Caire for legal malpractice for failure to transmit a settlement offer. Marx stated that this was the lawsuit that was filed on July 24, 1998 against Stephen Caire, and this malpractice suit was subsequently referred to other counsel. Marx stated that this suit was subsequently settled by the parties.
The record also contains the testimony of Melissa Gibbs, which the trial court found to be "the most independent, helpful and plausible." Ms. Gibbs testified that she arranged an initial meeting between herself Buras and Marx, and that she and Marx agreed to help Buras reduce the judgment against him or arrange a payment plan to avoid seizure of assets. Ms. Gibbs stated that although Buras raised the issue of Caire's failure to appear at the arbitration award, she and Marx "told him that we weren't interested in taking on any malpractice suits but that we would help him with the negotiation of the judgment." On cross-examination, Ms. Gibbs stated that although she and Marx refused to handle the malpractice case for Buras, they did not inform him of the prescriptive dates, but she agreed with counsel that it wouldn't have been a bad idea.
The testimony and evidence in the record indicates that there was a factual dispute as to whether Marx agreed to represent Buras in his malpractice claim against Caire for failure to appear at the arbitration hearing. The trial court heard the testimony of the witnesses and was in the best position to evaluation their demeanor. When there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990).
Following trial of this matter, the trial court resolved the conflict in testimony in favor of defendant, Stephen Marx, and rejected plaintiff's unsupported testimony that he believed Marx agreed to representation. Rather, the trial court credited the testimony of Marx and Melissa Gibbs and *87 found it to be the most plausible and independent. After a careful review of the entire record, we find no manifest error in the trial court's conclusion that there was no attorney-client relationship between Marx and Buras arising out of the claim that Caire failed to appear at an arbitration hearing on Buras' behalf.
As the trial court reasonably believed that Marx declined representation of Buras on this aspect of a legal malpractice claim against Caire, the court was correct in concluding that there was no attorney/client relationship between Marx and Buras as to this claim. Although the petition Marx eventually filed against Caire for legal malpractice in failing to transmit a settlement offer contained an allegation that Caire failed to appear at the arbitration hearing, we find no error in the trial court's determination that this allegation was included to advance the general theory of his case. Under the circumstances of this case, where there was an initial refusal by the attorney to handle this claim on behalf of the client, the fact that this allegation was included in the later petition does not create an attorney/client relationship between the parties as to this claim.
Further, although plaintiff contends that Marx was negligent in failing to advise Buras of the prescriptive periods of his claim, appellant offers no legal or evidentiary support for this position. The Rules of Professional Conduct relied on by plaintiff regarding communication with clients and declining representation do not require an attorney to give notice of prescription dates when representation is refused. Further, the case relied upon by plaintiff, Finkelstein v. Collier, 93-999 (La.App. 5 Cir. 4/14/94), 636 So.2d 1053 is inapplicable as there was no dispute in that case regarding the existence of an attorney/client relationship.
In his brief, plaintiff relies on the testimony of Ms. Gibbs where she agreed with plaintiff's counsel that it would not have been a bad idea to notify plaintiff of the prescriptive dates of a claim she and Marx refused to handle. However, the record in this case indicates that Marx did not agree to represent Buras in this claim, and was under no duty to render information or advice to him on this issue. Further, the fact that Marx represented Buras as to other matters did not create a duty on the lawyer's part to advise him on aspects of a claim he declined to handle.

Conclusion
We fail to find manifest error in the trial court's conclusion that plaintiff did not meet his burden of proving an attorney-client relationship sufficient to support a claim for legal malpractice in this case. Accordingly, for the reasons assigned herein, the judgment of the trial court in favor of defendants, Stephen D. Marx and Chehardy, Sherman, Ellis, Breslin & Murray, dismissing the petition of plaintiff Roy Buras d/b/a/ Roy Buras Painting Contractors, is hereby affirmed. Plaintiff shall bear all costs of this appeal.
AFFIRMED.
DALEY, J., dissents with reasons.
DALEY, J., dissents with reasons:
I disagree with the majority's all encompassing statement that an attorney who declines to represent a client on a matter has no duty to inform the client of prescription dates. "An attorney is obligated to exercise at least that degree of care, skill and diligence exercised by prudent attorneys practicing in his community or locality." See Dixon v. Perlman, 528 So.2d 637 (La.App. 2nd Cir.1988), citing Ramp v. St. Paul Fire and Marine Insurance Company, 263 La. 774, 269 So.2d 239 (1972). Whether an attorney has a duty to *88 inform a client of a pending prescription date depends on the particular facts surrounding the attorney client encounter.
I, like the trial court, am:
troubled with Marx's failure to advise Buras, in writing, of his initial refusal to take Caire's malpractice action and his failure to advise Buras of looming prescription and/or peremption dates.[1]
Although finding the failure to advise troubling, the trial court found that the plaintiff failed to meet its burden of proof by not calling an expert to establish the appropriate standard of conduct in the legal community. Where the trial court is familiar with the standard of practice in the community or where the attorney's conduct obviously falls below any reasonable standard of care, the assistance of an expert witness may be unnecessary to prove the appropriate standard of conduct in the legal community. See Watkins v. Sheppard, 278 So.2d 890 (La.App. 1st Cir.1973); Muse v. St. Paul Fire, 328 So.2d 698 (La.App. 1st Cir.1976); and Dixon v. Perlman, 528 So.2d 637 (La.App. 2nd Cir.1988). The trial court judge implicitly recognized the customary practice in the legal community in his Reasons for Judgment when he found troubling Mr. Marx's failure to advise Buras. I find that the failure to advise Mr. Buras of prescription and preemption dates, after full consultation on the issue of the legal malpractice involved, violated the appropriate standard of conduct in this legal community and was therefore negligent. I disagree with the majority's ruling affirming the trial court and respectfully dissent.
NOTES
[1] In Buras' case against Caire, the trial court granted summary judgment in favor of Caire, dismissing all of Buras' claims. On appeal, a panel of this Court in an unpublished opinion reversed the summary judgment in part and remanded, finding that there were issues of fact as to whether Caire properly conveyed Carvin's settlement offer to Buras. Roy Buras v. Stephen Caire, 01-43 (La.App. 5 Cir. 5/30/01), 796 So.2d 941. The parties eventually reached a settlement in this case.
[1] Trial court's Reasons for Judgment.